UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LUIS SEGARRA, on behalf of himself, individually, and
all similarly situated employees,

                Docket No.:

        Plaintiff,

      -against-                   **COMPLAINT**

LML HOSPITALITY LLC d/b/a PRIME 1024
STEAKHOUSE, and CHRISTOS SPYROPOULOS, as    *Jury Trial Demanded*
an individual,

              Defendants.
-----------------------------------------------------------------------X

      Plaintiff, LUIS SEGARRA ("Plaintiff"), on behalf of himself, individually, and all other

persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC,

complaining of the Defendants, LML HOSPITALITY LLC d/b/a PRIME 1024 STEAKHOUSE

("Prime") and CHRISTOS SPYROPOULOS, individually ("Spyropoulos," together, along with

Prime, as "Defendants"), allege as follows:

## NATURE OF THE CLAIM

      1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19,

§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R.

§ 142 ("NYLL"), to recover unpaid minimum wages under the NYLL, unlawfully retained tips

and gratuities under the NYLL, for failure to pay spread of hours compensation under the NYLL

and 12 N.Y.C.R.R. § 146-1.6, for failure to furnish accurate wage statements for each pay period

under NYLL § 195(3), for failure to provide a wage notice upon his hire under NYLL § 195(1),

and any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other similarly situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5.      Plaintiff is a resident of the County of Nassau, State of New York.

6.      At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), (4).

7.      At all relevant times, Defendant Prime is and was a domestic business corporation with its principal place of business at 1024 Northern Boulevard, Roslyn, New York 11576.

8.      At all relevant times, Defendant Prime was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware,

utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

9.       At all times relevant, Defendant Spyropoulos, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and delegation of assignments, discipline of Plaintiff, had the power to hire and fire employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## **FACTS**

10.       Defendants are a restaurant and its owner and day-to-day overseer, that serve Italian cuisine and steakhouse fare at their principal place of business, located at 1024 Northern Boulevard, Roslyn, New York 11576.

11.       Plaintiff commenced his employment in or about June 2018 as a server, a position that he held until on or about May 11, 2021.

12.       Throughout his employment, Plaintiff regularly worked five days per week from 4:00 p.m. until 12:00 a.m. on Wednesdays and Thursdays; 11:00 a.m. until 12:00 a.m., on Fridays and Saturdays; and 3:00 p.m. until 11:30 p.m. on Sundays, without being afforded an uninterrupted meal break during any workday.  Frequently, Plaintiff was required to punch out at his scheduled time, and continue working "off the clock," so that his extra hours could not be tracked. Accordingly, Defendants regularly required Plaintiff to work, and Plaintiff did in fact work, at least 50.5 hours during each workweek throughout his employment.

13.    Throughout his employment, Defendants paid Plaintiff an hourly rate of pay. However, Defendants took a tip credit deduction for each hour that Plaintiff worked and consequently paid him at a reduced hourly rate of pay below the NYLL minimum wage as a tipped employee.

14.    Throughout his employment, Defendants failed to provide Plaintiff with a compliant written notice that Defendants were claiming a tip credit toward the statutory minimum wage for their hours paid at a tipped rate, in violation of the NYLL.

15.    During his employment, Defendants paid Plaintiff pursuant to a tip pool arrangement wherein Defendants distributed tips and gratuities received from patrons to Plaintiff and certain other employees, including, *inter alia*, servers, bussers, runners, and bar employees.

16.    During his employment, Defendants operated and imposed an unlawful tip pool upon Plaintiff in that Defendants frequently permitted an expeditor to participate and share in the distribution of tips intended for tipped employees.  As such, Defendants, through their expeditor, unlawfully retained tips owed to Plaintiff and other tipped employees, thereby depriving Plaintiff and other tipped employees of compensation due to them, in violation of the FLSA, NYLL and New York common law.

17.    Throughout his employment, Defendants inaccurately recorded the amount of tips and gratuities received by Plaintiff and other tipped employees.

18.    Despite these unlawful practices, throughout his employment, Defendants paid Plaintiff at a reduced tipped rate that was below the statutorily mandated minimum wage rate, in violation of the NYLL.

19.    Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours during each workweek.

20.     Throughout his employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay for hours worked in excess of forty hours in violation of the FLSA and NYLL.

21.     Throughout his employment, Plaintiff often worked daily shifts that exceeded ten hours per workday from its start to its finish.  However, Defendants failed to pay Plaintiff spread of hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

22.     Defendants failed to provide Plaintiff with a proper notice and acknowledgement of his wage rate upon hire as required by NYLL § 195(1).

23.     Defendants failed to provide Plaintiff with accurate wage statements including, *inter alia*, his correct hourly regular and overtime rates of pay, spread of hours compensation, his correct gross pay, net pay, and amounts of any deductions and allowances, for each pay period, as required by NYLL § 195(3).

24.     Plaintiff routinely complained to Defendants regarding the lack of ovetime pay he received each week, typically immediately following the distribution of paychecks on each pay day, however, Defendants routinely refused to correct these issues with his pay.

25.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to pay Plaintiff in accordance with his hours worked.

26.     Defendants treated and paid Plaintiff and the putative class and collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

27.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

28.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in in bringing this action.

29.     Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid, tipped employee, including as a server, busser, runner or bar employee and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

30.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully

deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

31.     Plaintiff and FLSA Collective Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

32.     Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

33.     Defendants' violations of the FLSA have been willful and intentional.

34.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

35.     As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

36.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

37.     Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of

forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

38.     By Defendants' failure to pay Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

39.     Defendants' violations of the New York Labor Law have been willful and intentional.

40.     Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

41.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

42.     Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, willfully failed to pay Plaintiff, Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

43.     Defendants' violations of the New York Labor Law have been willful and intentional.

44.    Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNLAWFULLY RETAINED TIPS AND GRATUITIES)

45.    Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

46.    Pursuant to NYLL § 196-d, an employer is not permitted to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

47.    Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, performed work for the benefit of Defendants, at Defendants' behest, for which they received compensation partially through tips and gratuities.  However, Defendants retained a portion of the tips and gratuities intended for the Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, and they have not been paid those tips and gratuities as Defendants have unlawfully retained those tips and gratuities, in violation of NYLL § 196-d.

48.    Defendants' violations of the NYLL have been willful and intentional.

49.     Due to Defendants' violations of the NYLL, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to their unpaid tips and gratuities, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)

50.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

51.     Defendants failed to pay Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

52.     Defendants' failure to pay spread-of-hours compensation was willful and intentional.

53.     For the foregoing reasons, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

54.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

55.     Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-in to this action, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by New York Labor Law § 195(3).

56.     Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by New York Labor

Law § 195(3), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## SEVENTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

57.    Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

58.    Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

59.    Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## DEMAND FOR A JURY TRIAL

60.    Plaintiff and FLSA Collective Action Plaintiffs demand a trial by jury on all causes of action in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i.    Issuing an order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.     Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.     Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv.     Awarding unpaid wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

v.     Awarding damages pursuant to New York Labor Law § 195(1), (3);

vi.     Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

vii.     Awarding pre- and post-judgment interest as permitted by law;

viii.     Awarding attorneys' fees and costs incurred in prosecuting this action; and

ix.       Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       November 11, 2021

                LAW OFFICE OF PETER A. ROMERO PLLC
                *Attorneys for Plaintiff*
                490 Wheeler Road, Suite 250
                Hauppauge, New York 11788
                Tel.: (631) 257-5588

By:     _____
                MATTHEW J. FARNWORTH, ESQ.
                PETER A. ROMERO, ESQ.

## <u>CONSENT TO SUE</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Prime 1024., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____
Luis Segarra

06/08/20
Date