**LAW OFFICE OF**
# PETER A. ROMERO

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

October 6, 2022

<u>Via ECF</u>
Hon. Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722

      Re:    *Luis Segarra v. LML Hospitality LLC d/b/a Prime 1024 Steakhouse, et al.*
             <u>Docket No.: 21-CV-06285 (JS) (ARL)</u>

Dear Judge Lindsay:

      This firm represents the Plaintiff in the above-referenced action against his former employers alleging that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay him overtime wages when he worked more than forty (40) hours per week. Plaintiff also asserts claims against Defendants for unpaid minimum wages, spread of hours pay, and unlawfully retained tips an gratuities, as well as statutory violations of the New York Labor Law. After the Defendants filed their Answer, and the parties engaged in some initial discovery, the parties were referred to mediation in this matter. As a result of that mediation with EDNY mediator Giulio Zanolla, the parties reached a settlement in principle. We now seek approval of the parties' settlement of Plaintiff's FLSA claims pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

      The parties have memorialized their resolution in a Settlement Agreement and Release ("FLSA Agreement"), attached hereto as Exhibit A. The release set forth in the Agreement is limited to claims arising under the FLSA and NYLL. The FLSA Agreement does not contain any confidentiality or non-disclosure provisions, or a non-disparagement clause.

      The FLSA Agreement is reasonable and in the best interest of Plaintiff. The parties agreed to fully and finally resolve all of the Plaintiff's claims by having Defendants pay Plaintiff a total of $16,500.00. Plaintiff believes the agreement is fair and reasonable under the circumstances. Defendants vigorously disputed liability and steadfastly maintained that Plaintiff was paid for all hours worked and provided certain documents that appeared to partially contradict some of Plaintiff's claims. The parties held vastly different views regarding the number of hours worked by Plaintiff each week, as well as the type of work done by Plaintiff, specifically, whether he performed tipped or non-tipped work, for which he was not paid properly. Due to the fact-intensive nature of these inquiries, a resolution of this dispute would require extensive discovery and dispositive motion practice. If Defendants' recollection and documents were found to be more credible than Plaintiff's, Plaintiff could potentially recover nothing at all. Accordingly, resolving the action on behalf of Plaintiff at this early juncture provides certainty in that he will receive compensation for his alleged

unpaid wages, given the particular economic impact the COVID-19 pandemic has had on the restaurant business.

In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than with a trial judgment, since the parties would need to take depositions and likely brief numerous motions on the merits before trial could commence, further increasing the costs to both sides.

Additionally, the reasonableness of this settlement is also assured by the involvement of a mediator. Indeed, the presence of a mediator "provides assurance that the settlement was not the product of collusion." Bilbao v. LCS Enters. Inc., 2018 WL 1399199, at *2 (S.D.N.Y. Mar. 19, 2018); see also Hernandez v. Anjost Corp., 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive."); Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 618-619 (S.D.N.Y. 2012) (citing In re Giant Interactive Grp., Inc. Sec. Litig., 279 F.R.D. 151, 159-160 (S.D.N.Y. 2011)) (explaining parties entitled to a presumption of fairness where mediator facilitated arms-length settlement). Here, the parties engaged in contentious negotiations requiring the assistance of a mediator. Accordingly, the settlement achieved clearly reflects an arms'-length negotiation absent from fraud or collusion and is a reasonable compromise over the contested issues in this matter.

As set forth in the attached Agreement, the parties have agreed to settle this action, pursuant to an appropriately limited release, for a total settlement amount of $16,500.00 (the "Settlement Amount"). This amount includes $6,157.90 for attorneys' fees and costs. The attorney's fee represents one-third (33.3%) of the total settlement amount after deducting for costs and expenses and is reasonable. Plaintiff's counsel researched and investigated Plaintiff's claims, conducted an in-depth and detailed inquiry regarding his job duties, hours worked and compensation, commenced this action, responded to pre-mediation discovery, prepared a detailed assessment of damages, participated in settlement negotiations, prepared a pre-mediation brief for the chosen mediator, participated in a mediation session, and ultimately negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf.

In short, the settlement is the result of substantial arms'-length negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair and reasonable to the Plaintiff given the risks of litigation and should be approved.

Respectfully submitted,

*/s Peter A. Romero, Esq.*
PETER A. ROMERO

cc: All Counsel of Record via ECF